UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
FAYETTEVILLE DIVISION

IN RE:                                                    CASE NO.

EUDIS EDWIN TANNER, JR.                                   05-00853-8-ATS
MARY CAROLYN SHAW TANNER

    DEBTORS

ORDER ALLOWING MOTION FOR RELIEF FROM STAY AND
DENYING MOTION TO DISMISS

The matters before the court are the motion to dismiss and motion for relief from the automatic stay filed by RBC Centura Bank. A hearing took place in Raleigh, North Carolina on July 19, 2005.

Eudis Edwin Tanner, Jr. and Mary Carolyn Shaw Tanner filed a petition for relief under chapter 13 of the Bankruptcy Code on February 3, 2005. This is the Tanners' second filing. Their first case, Case No. 03-09723-8-ATS, was filed on November 7, 2003, in conjunction with a chapter 11 filing by the Tanners' business, Carolina Paving Company of Fayetteville, Inc., Case No. 03-09724-8-ATS. The Tanners' prior chapter 13 filing was dismissed on August 30, 2004, for failure to make payments and to obtain confirmation of a plan, while the chapter 11 case was converted to chapter 7 on June 23, 2004.

The Tanners are obligated to RBC as guarantors on loans to Carolina Paving. On August 20, 2004, the court entered an order in the Tanners' prior case allowing relief from the automatic stay for RBC to foreclose on the real property securing its debt. Under the terms of

the order, RBC was required to foreclose on certain commercial property first, and if that sale did not bring sufficient proceeds to pay RBC in full, it could return to the court to seek relief to foreclose on the Tanners' residence.  On July 30, 2004, RBC also obtained relief from the automatic stay to foreclose on the commercial property in the Carolina Paving case.

After the Tanners' prior case was dismissed, RBC completed the foreclosure of the commercial property, which was purchased by RBC for a credit bid in the amount of $312,000.  RBC has since been unable to sell the property.  RBC also conducted a foreclosure sale on the Tanners' residence, and the Tanners filed the instant case during the 10-day upset bid period.  RBC now seeks relief from the automatic stay to proceed with the foreclosure of the residence, contending that the note in question has matured, and the Tanners' plan does not provide adequate protection to RBC.

The Tanners oppose the motion.  Their plan provides that the Tanners will pursue litigation against several banks for "various bad acts," the expected recovery from which will be more than sufficient to pay all creditors in full.  In the meantime, the debtors propose to make only nominal payments to the trustee.

The Tanners contend that the alleged "bad acts" took place beginning in May 2002 and continued through 2003 or 2004.  Accordingly, when the court entered its order on August 20, 2004, allowing RBC to

foreclose on the commercial property and then return to the court to foreclose on the residence if necessary, the Tanners were aware of their potential claims against the banks. The court is not persuaded that anything has changed since it entered the order on August 20, 2004, that should alter the result. In addition, the debtors have offered no adequate protection to RBC while they pursue the litigation, and they have offered no means for repayment should their claims fail. Cause exists to terminate the stay, and the motion will be allowed.

Based on the foregoing, the motion for relief from the automatic stay is **ALLOWED.** RBC also filed a motion to dismiss the case, but that motion is **DENIED.**

**SO ORDERED**.

**DATED: July 20, 2005**

A. Thomas Small
United States Bankruptcy Judge